Mr. Justice Cox
delivered the opinion of the court.
This was originally a case before a justice of the peace to recover possession of certain premises which, the complainant claimed, were held by Bartlett, the defendant, as tenant under him. At the hearing the defendant appeared and denied that he held the premises as alleged, and alleged title in others under whom he held. Bonds were then entered into by both parties in the usual form, and the case was certified to the court agreeably to the act of Congress. At the trial it was proved on the part of Waggaman that the defendant occupied the premises described in the papers as tenant, and had paid rent to him for some months, and finally was in default for some months ; and on the 20th of March he served him with a notice to quit, in writing, within three days, according to the terms of the agreement in *453 writing between the parties, which was itself offered in evidence. The agreement thus offered purports to be an instrument signed and sealed by the defendant, in which he agrees to hold the premises as tenant, under "Waggaman, and pay rent at the rate of one hundred dollars for each month that he shall continue tenant on the premises, there being no term of tenancy specified. That agreement also contains this provision :
“ And it is further provided, as conditiops of my tenancy hereunder, that if any month’s rent shall not be paid when the same shall be or become due and payable as hereinbefore provided, or if any breach shall be made in any other of the covenants on my part herein contained, then, or at any time thereafter, it shall be lawful for the said Thomas E. Waggaman io terminate this tenancy by a notice to quit in writing of three days, which notice may be served on me in person or by leaving a copy of the same on the said premises ; apd upon the expiration of the said notice the said Thomas E. Waggaman shall be entitled to the immediate possession of said premises and my tenancy hereunder shall immediately cease and determine.”
The defendant objected to the admission of this agreement, on the ground that it was signed by only one party. And the court sustained that objection at first. I am unable exactly to comprehend the ground on which the court made this ruling, because any promise which is sustained by a sufficient consideration, I take to be a valid promise, although it is not signed by the promisee also. All promissory notes are of this description. All agreements or memoranda of agreements under the statute of frauds may be signed by one party, and are not necessarily to be signed by more than one party, and I take it that whether an instrument be under seal or not, if sustained by a sufficient consideration it is binding and should be received in evidence though signed only by the party sought to be charged. To pass from this point ; after this ruling the plaintiff offered the instrument in evidence as tending to show what the parol agreement between the plaintiff’ and the defendant was in regard to the *454 term of his tenancy, and for that purpose it was admitted-When it was read, the court immediately ruled that it was not competent for the plaintiff to show an agreement with the defendant under the terms of wffiich the tenancy of the defendant could be terminated by a three days’ notice to quit when default in payment of rent should be had ; that such an agreement would be in contravention of the statute and against public policy and void; that the statute required thirty days’ notiqe, and the parties could not contract for a ■shorter' notice, and directed the jury immediately to find a verdict for the defendant. So that the simple question presented here is, whether a landlord and tenant may contract that the tenant shall quit on shorter notice than thirty days.
In order to determine this point it may be well to consider what the state of the law was before the statute passed. Originally, if a man leased his land for a term not certain, it was called a lease at will, and if he held over a certain term, he was a tenant at sufferance. In the course of time, in the interest of agriculture, the courts created a new tenancy out of these, called a tenancy from year to year. In other words, they held that -where a man leased land generally, it should be held to be a lease from year to year until terminated by a half year’s notice to quit. Where the tenant held over after the expiration of his lease, and where the landlord recognized him as a continuing tenant by receiving the rent, the courts held that to be the same thing — a tenancy from year to year — the principal feature of which tenancy was that it was to be terminated with a notice of half a year to quit ending wfith the current half year. But it was never understood, and we have found no decision intimating such a thing, that this rule as to notice to quit interfered with any convention between the parties themselves. The rule' is stated by Archbold on Landlord and Tenant, page 86, as follows :
“ A notice to quit is required by law, or by local custom, or by express stipulation between the parties. In the latte]’ case the notice must be such as has been agreed upon, whether the same would be required by law or be sufficient if no such *455 .stipulation existed or not,” and a number of cases are cited on this point. It continues: “And, therefore, if it be agreed between the parties that the tenant shall quit at a quarter’s Notice, of course a quarter’s notice only is necessary. Where it is required by local custom, the custom will be considered as engrafted upon and forming part of the contract between the parties, and must be complied with. In the absence of ■express stipulation or local custom upon the subject, if a tenant holds his land or house, &c., from year to year ■expressly or impliedly, either the landlord or he may determine the tenancy by giving a half year’s notice to quit.”
That was the condition of the law, then, when this statute was passed ; that in the absence of an express stipulation, a general letting, that is a letting having no definite term,. could be terminated by notice to quit of one-half year, or any other notice that the parties themselves should agree upon. The letting in this particular case comes within the description of a general letting because no particular time is fixed. The defendant agreed to hold and pay so much rent as long as he should continue tenant of the premises.
Now our landlord and tenant act takes hold of the two very eases which I have mentioned, which would amount to tenancies from year to year at common law. It says, sec. 5 :
“ All occupation, possession, or holding of any messuage or real estate without express contract or lease” — that is in one case, and “ or by such contract or lease the terms of which .have expired ” — that is, the other case — “ shall be deemed and held to be tenancies by sufferance.”
The first case is one which I mentioned before, where there is no express contract or lease fixing the term of the tenancy. And the second is where a party holds over by a ■ contract the terms of which have expired. The meaning of ■that is, that where he has an express lease or contract, and .the term has expired, he holds over under the same terms and conditions contained in the lease which has expired. In these two cases the law declares that there shall be a tenancy by sufferance. Then it goes on to provide that all estates at will and sufferance may be terminated by notice to quit of *456 thirty days, &c. In other words, it says that those cases, which, at common law, would be called estates from year to year, shall hereafter be called by a new term, that is, estates by sufferance, but that whereas in common law they could only be determined, in the absence of express contract, by a half year’s notice to quit, thenceforth they may be determined by thirty days’ notice to quit. In both cases supposed, there is no express contract as to the notice to quit. Of course if a party holds without any express contract or lease there is no notice required; or if he holds according to the-terms of the lease which has expired, the same thing may be remarked. Because where a definite term is fixed, as in this case, there is never any notice to quit or stipulation for any notice to quit; and particularly there would not be any-stipulation in a definite lease, for notice to quit after the-lease had expired and during that time to which it did not apply.
So that both the cases to which this statute applies, and in which it provides that thirty days notice shall be sufficient, are cases where there was no express contract at all as-to notice. The statute, therefore, does not provide any rule for the case of an express agreement between the landlord and tenant as to the time of notice to quit. It does not profess to act upon that case at all, and contains nothing which, by necessary implication, interferes with the entire control of the parties over this subject. That being the case, we are unadvised that there is any authority, and we do not see that there is any-rule of law, for the proposition that a landlord and tenant may not stipulate between themselves-as to the length of notice to quit. It was put upon the ground of public policy in the court below. Well, the same thing may be said of a half-year’s notice to quit at common law. That was a rule of public policy in the interest of agriculture, so that the tenant should not be ejected without an opportunity to harvest his crops, &c. Yet that rule does not interfere with the right of the parties to modify the contract by rule among themselves. In argument, it was likened to an exemption law, which not only protects the- *457 property from the creditors, but from a party’s own acts. A case was cited “from New York, well reasoned, in which it was held that the tenant could not relieve himself of this privilege of exemption ; and it was argued, by parity, that this was a case of that sort; that the party should not be allowed to bind himself to leave on less than thirty days* notice, and ought not to be allowed to contract himself out of that privilege or exemption. But there is this manifest difference. An exemption law protects a man from the seizure of his own property by his creditors ; it protects his household. In that New York case it was held to protect him from his own contract subjecting his property to the claims of creditors. But no exemption law, or rule of public policy, which we are acquainted with, entitles a man to retain possession of any other man’s property. Where a man has a lease for a definite term, that lease is the limit of his interest in that property. Every day beyond that time that he occupies it is an encroachment upon the property of another person, that is, his landlord. So, if a man agrees to vacate property when his landlord shall require it after an agreed notice, or without notice — one day’s notice or ten— any occupation of that property beyond the period stipulated, is the occupation of his landlord’s property and not his own. We.are unable to see why the tenant cannot stipulate to give up another person’s property generally, and a fortiori, why he cannot stipulate that if he does not pay the rent he will vacate the premises within a given time.
Eor these reasons we think the ruling of the court is erroneous on this point. That is the only point presented in the bill of exceptions. The plaintiff is entitled to a new trial.